**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JESSIE BROWN, | Civil No. 11-7139 (NLH/KMW) |
| Plaintiff, | |
| v. | **OPINION** |
| CAROL MINCEY, et al., | |
| Defendants. | |

**APPEARANCES:**

Olugbenga O. Abiona, Esquire
1433 South 4th Street
Philadelphia, Pennsylvania 19147
    *Attorney for Plaintiff Jessie Brown*

Allan E. Richardson, Esquire
Richardson & Galella
142 Emerson Street
Suite B
Woodbury, New Jersey 08096
    *Attorney for Defendant Carol Mincey*

Todd J. Gelfand, Esquire
Barker Scott & Gelfand
The Paintworks Corporate Center
7 Foster Avenue
Suite 201
Gibbsboro, New Jersey 08026
    *Attorney for Defendant Borough of Penns Grove*

**HILLMAN, District Judge**

    This matter comes before the Court by way of Defendant

Borough of Penns Grove's motion [Doc. No. 15] to dismiss

Plaintiff's amended complaint [Doc. No. 11] pursuant to Federal

Rule of Civil Procedure 12(b)(6), or in the alternative for

summary judgment pursuant to Federal Rule of Civil Procedure 56. The Court has considered the parties' submissions and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, Defendant's motion to dismiss Plaintiff's amended complaint is denied.

## I.    <u>JURISDICTION</u>

In this case, Plaintiff alleges violations of her federal constitutional rights and brings her claims pursuant to 42 U.S.C. § 1983.  Plaintiff also asserts several state law causes of action.  The Court exercises jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## II.   <u>BACKGROUND</u>

Here, Plaintiff brings claims against Defendant Borough of Penns Grove (hereinafter, "the Borough"), and former Borough council president, Defendant Carol Mincey, an elected official of the Borough's municipal government, for alleged violations of her civil rights.  (Am. Compl. [Doc. No. 11] ¶¶ 4-6.)  As set forth in the amended complaint, Plaintiff Jessie Brown is a "citizen-activist" and vice president of the Salem County Coalition who resides in Penns Grove, New Jersey.  (<u>Id.</u> ¶¶ 3,7.)  Plaintiff asserts that in her individual capacity as a resident of the community and as a member of this legal political action group,

she is "concerned with the operations of the government of Penns Grove[.]" (Id. ¶ 7.) At some time in 2010, as a result of her "citizen-activist efforts", Plaintiff allegedly learned of a proposal by then Borough Councilman Joseph Venello, Jr.[1] that the Borough "hire a Public Safety Officer, a white male, to oversee the police department, including the Chief of Police, Gary Doubledee, a black male and veteran officer who had served 25-plus years on the force." (Id. ¶ 10.)

According to Plaintiff, Defendant Mincey supported Venello's proposal, but Plaintiff opposed it believing the plan was too costly for the Borough given that the Borough already employed a Chief of Police. (Id. ¶ 11.) Plaintiff further contends that she and several other Borough constituents considered the plan to hire a public safety officer as "an underhanded effort by Mincey and Venello to circumvent the Chief of Police[.]" (Id. ¶ 12.) On November 2, 2010, Plaintiff, purportedly exercising her rights as a citizen,[2] attended a Borough council meeting where the

---

[1] Plaintiff's original complaint filed on December 8, 2011 named Councilman Joseph Venello, Jr. as a Defendant in this action. (See Pl.'s Compl. [Doc. No. 1] ¶ 4.) On March 26, 2012, the parties stipulated to the dismissal of Councilman Venello and to the filing of Plaintiff's amended complaint. (See Stipulation and Order [Doc. No. 14] 1.) Accordingly, Councilman Venello was terminated as a Defendant in this action, and Plaintiff no longer asserts claims against him.

[2] Plaintiff also asserts that as a citizen of the Borough she was "entitled to participate in politics to the extent she saw fit, to choose a candidate for public office and to support or reject proposals made by elected officials in her

proposed hiring of a public safety officer was up for public discussion.  (Id. ¶ 15.)  At that meeting, Plaintiff voiced her opinion on the proposal in accordance with the proper timing and procedures for speaking publically at Borough council meetings, and questioned the rationale for hiring a safety officer.  (Id. ¶¶ 16-18.)

Approximately two months later, on January 3, 2011, a Complaint-Summons was issued charging Plaintiff with harassment under the New Jersey Criminal Code, N.J. Stat. Ann. 2C:33-4,[3] and Plaintiff was ordered to appear in municipal court on February 22, 2011.  (Id. ¶¶ 22-23.)  According to Plaintiff, the Complaint-Summons charging her with harassment was issued on December 21, 2010 as a result of false accusations by Defendant Mincey that Plaintiff "had threatened and/or insulted her and/or made terroristic threats" against Defendant Mincey during the

---

community[,]" as well as "to gather public information about the workings and plans of her local government."  (Id. ¶¶ 13-14.)

[3] New Jersey Statute 2C:33-4 provides in pertinent part:

Except as provided in subsection e., a person commits a petty disorderly persons offense if, with purpose to harass another, he:

    a.  Makes, or causes to be made, a communication or communications anonymously or at extremely inconvenient hours, or in offensively coarse language, or any other manner likely to cause annoyance or alarm[.]

4

November 2, 2010 Borough council meeting.[4]  (Id. ¶ 21.)
Plaintiff alleges that Defendant Mincey "knowingly and
deliberately, or with a reckless disregard for the truth, made
false statements or omissions that create[d] a falsehood in
applying for a warrant for" Plaintiff's arrest.

Plaintiff represents that she was later found not guilty of
the harassment charge after a criminal trial in municipal court
which occurred on April 26, 2011.  (Id. ¶ 24.)  Rather than
conducting a thorough investigation of the events which occurred
at the November 2, 2010 Borough council meeting, Plaintiff
alleges that Defendant Mincey unjustly initiated criminal charges
against Plaintiff in an attempt to stifle Plaintiff's political
activities and opposition to Defendant Mincey actions on the
council.  (Id. ¶¶ 26-28.)  Plaintiff asserts that Defendant
Mincey and the Borough retaliated against Plaintiff for the
exercise of her constitutionally protected rights under the First
Amendment to publically speak out against the proposed plan to
hire a public safety officer.  (Id. ¶¶ 48, 54-55.)

Based on this factual background, Plaintiff brings a five
count complaint against the Borough and Defendant Mincey.  In

---

[4] The amended complaint does specify the nature of the
threat Plaintiff purportedly made against Defendant Mincey except
to note that at Plaintiff's criminal trial on the harassment
charge, Councilman Venello testified that the alleged threat was
something to the effect of "You better not come outside."  (Am.
Compl. ¶ 34.)

Count I, Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983 and alleges that the Borough and Defendant Mincey violated her civil rights under the First, Fourth, and Fourteenth Amendments by retaliating against Plaintiff for speaking freely about civic matters of public concern, by falsely accusing Plaintiff of harassment, and by falsely arresting and unlawfully detaining Plaintiff.  Count II alleges that Defendant Mincey conspired to deprive Plaintiff of her civil rights in violation of 42 U.S.C. § 1983.  Count III asserts a common law conspiracy claim against Defendant Mincey under New Jersey law.  In Count IV, Plaintiff brings a claim against Defendant Mincey for malicious prosecution under New Jersey law.  Finally, Count V asserts a claim for defamation against Defendant Mincey under New Jersey law.

### III. DISCUSSION

At this time, the Borough moves for the dismissal of Count I of Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, or in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56.  In considering Defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  It is well settled that a

pleading is sufficient if it contains "a short and plain
statement of the claim showing that the pleader is entitled to
relief."  FED. R. CIV. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks
"'not whether a plaintiff will ultimately prevail but whether the
claimant is entitled to offer evidence to support the claims[.]'"
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting
Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft
v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly
expounded the pleading standard for 'all civil actions[.]'")
(citation omitted).  First, under the Twombly/Iqbal standard, a
district court "must accept all of the complaint's well-pleaded
facts as true, but may disregard any legal conclusions." Fowler
v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing
Iqbal, 129 S. Ct. at 1949).

Second, a district court "must then determine whether the
facts alleged in the complaint are sufficient to show that the
plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d
at 211 (citing Iqbal, 129 S. Ct. at 1950).  "[A] complaint must
do more than allege the plaintiff's entitlement to relief."
Fowler, 578 F.3d at 211; see also Phillips v. County of
Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's
Twombly formulation of the pleading standard can be summed up
thus: 'stating ... a claim requires a complaint with enough

7

factual matter (taken as true) to suggest' the required element.
This 'does not impose a probability requirement at the pleading
stage,' but instead 'simply calls for enough facts to raise a
reasonable expectation that discovery will reveal evidence of'
the necessary element.") (citing <u>Twombly</u>, 550 U.S. at 556).  "The
defendant bears the burden of showing that no claim has been
presented."  <u>Hedges v. U.S.</u>, 404 F.3d 744, 750 (3d Cir. 2005).

 In ruling on the pending motion to dismiss, "[t]he general
rule, of course, is that 'a district court ... may not consider
matters extraneous to the pleadings.'"  <u>West Penn Allegheny
Health Sys., Inc. v. UPMC</u>, 627 F.3d 85, 97 n.6 (3d Cir. 2010)
(citing <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410,
1426 (3d Cir. 1997)).  Pursuant to Rule 12(d), "[i]f, on a motion
under Rule 12(b)(6) or 12(c), matters outside the pleadings are
presented to and not excluded by the court, the motion must be
treated as one for summary judgment under Rule 56."  FED. R. CIV.
P. 12(d).[5]

---

 [5] In connection with the present motion, the Borough
submitted the transcript from the April 26, 2011 criminal trial
before the Borough of Pitman Municipal Court regarding the
Complaint-Summons issued against Plaintiff. (<u>See</u> Transcript of
Hearing, Ex. 1 to Br. in Supp. of Mot. to Dismiss Pl.'s Amd.
Compl. [Doc. No. 15-2].) The defendant does not offer the
transcript in conjunction with its Rule 12(b)(6) as an
indisputably authentic document but rather invites the court to
convert its motion to one for summary judgment.  In light of our
ruling to allow this matter to proceed to discovery, we decline
to do so.

IV.  **ANALYSIS**

In seeking to dismiss Count I of Plaintiff's amended complaint as alleged against the Borough, Defendant makes two primary arguments.  Initially, the Borough argues that Plaintiff has failed to allege sufficient facts regarding the existence of a municipal policy, practice or custom which caused the alleged violation of Plaintiff's civil rights, and thus Count I fails to state a claim for municipal liability under <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978).  (Br. in Supp. of Mot. to Dismiss Pl.'s Amd. Compl. [Doc. No. 15-2] (hereinafter, "Borough's Br."), 10.)  Additionally, the Borough contends that Count I must be dismissed as to both the Borough and Defendant Mincey because Plaintiff failed to allege adequate facts to demonstrate that Defendant Mincey acted under color of state law as required under Section 1983. (Borough's Br. 17.)

A.  **<u>Monell</u> Claim**

With respect to liability under <u>Monell</u>, the Borough argues that Plaintiff has not provided any "factual averment[s] whatsoever to support the conclusion that Defendant Mincey acted pursuant to, or by acting established, a municipal policy or custom for the Borough[.]"  (Borough's Br. 14.)  According to the Borough, the "missing link which requires dismissal" results from Plaintiff's failure to assert "a single factual allegation" demonstrating that any actions taken by a policy-maker "were

9

actually taken pursuant to a municipal policy or custom." (Id.
at 15.)  The Borough essentially argues that for a single action,
such as the action of Defendant Mincey, to constitute a municipal
policy or custom, that single action must have been approved of,
ordered by, or sanctioned in some way by the governing body of
the Borough.  (Id. at 15.)  Therefore, the Borough argues,
Plaintiff's claim fails because the "governing body of Penns
Grove took no official action to sanction, support or direct the
filing of the criminal charges against Plaintiff[.]"  (Id.) The
Borough also contends that the allegations of the amended
complaint do not "provide sufficient factual assertions to meet
the Iqbal standards in pleading the claim that, as a policy-
maker, Mincey's single act of pursuing a criminal complaint
against Brown is or was a municipal policy or custom."  (Id. at
14.)  The Court disagrees.

    As explained by the Third Circuit, in Monell "the Supreme
Court established that a municipality cannot be held liable under
§ 1983 for the constitutional torts of its employees by virtue of
respondeat superior."  McGreevy v. Stroup, 413 F.3d 359, 367 (3d
Cir. 2005).  A municipality may be liable for the torts of its
employees or other agents, however, in one of the following three
ways:

> First, the municipality will be liable if its
> employee acted pursuant to a formal government
> policy or a standard operating procedure long
> accepted within the government entity ...; *second,*

> *liability will attach when the individual has*
> *policy making authority rendering his or her*
> *behavior an act of official government policy ...;*
> third, the municipality will be liable if an
> official with authority has ratified the
> unconstitutional actions of a subordinate,
> rendering such behavior official for liability
> purposes[.]

Id. (internal citations omitted) (emphasis added).

Citing to the Supreme Court's decision in Pembaur v. City of
Cincinnati, 475 U.S. 469, 480-81 (1986), the Third Circuit has
clearly recognized that "an official with policymaking authority
can create official policy, even by rendering a **single decision**."
McGreevy, 413 F.3d at 367-68 (emphasis added) (citing Pembaur,
475 U.S. at 480) ("[I]t is plain that municipal liability may be
imposed for a single decision by municipal policymakers under
appropriate circumstances.")  Therefore, in this case, under
Monell and Pembaur, "even one decision by a [Borough council
president], if [he or she] were a final policymaker, would render
his or her decision [Borough] policy."  McGreevy, 413 F.3d at
368.  Accordingly, at the motion to dismiss stage, in order for
the Borough to be held liable for Defendant Mincey's actions as
Borough council president — in these circumstances, the
initiation of criminal charges against Plaintiff in retaliation
for speaking at a Borough council meeting — Plaintiff must
sufficiently allege that Defendant Mincey, as Borough counsel
president, was a final policymaker.  See id.; see also Santiago
v. Warminster Twp., 629 F.3d 121, 135 n.11 (3d Cir. 2010) (noting

11

that while the determination of who is a final policymaker is ultimately a legal question rather than a factual one, a plaintiff is still obligated to plead that the individual in question "had final policy making authority, as that is a key element of a <u>Monell</u> claim.")

Here, the Borough specifically concedes[6] that Defendant Mincey has "some degree of policy-making authority over the police department by virtue of her alleged status as the civil authority with ... responsibility for the oversight of the police department pursuant to a Borough Ordinance designating her as the 'appropriate authority' under N.J.S.A. 40A:14-118." (Borough's Br. 14.)  Plaintiff points out the Borough's concession that Defendant Mincey is a policy-maker and argues under <u>Pembaur</u>, that "if while acting in her official capacity [Defendant Mincey] invented facts to support a determination of probable cause for criminal charges to be brought against [Plaintiff], the Borough is liable." (Pl.'s Resp. to Def. Borough's Mot. for Summ. J. Tailored as a Mot. to Dismiss [Doc. No. 20] (hereinafter, "Pl.'s Resp."), 9.)  According to Plaintiff, Defendant Mincey's deliberate choice to adopt a course of action – i.e., instituting criminal charges against Plaintiff – is sufficient to hold the Borough liable under <u>Pembaur</u> and <u>McGreevy</u> for a single action

---

[6] The Court recognizes that this concession is made for purposes of this motion only.

rendered by a policy-maker.  (Id.)

Having reviewed the allegations of the amended complaint,
and although we view this as a close call, the Court is satisfied
that Plaintiff has sufficiently pled a claim for liability
against the Borough under Monell.  Plaintiff asserts that
Defendant Mincey targeted Plaintiff and made the decision to
initiate criminal charges against her in order to stifle
Plaintiff's citizen-activist activities and her opposition to
Defendant Mincey's actions on the council, to punish Plaintiff,
and deter other community residents from objecting to Mincey's
political agendas and motives.  (See Am. Compl. ¶¶ 28, 38, 40.)
Plaintiff further alleges that Defendant Mincey's actions in
initiating these criminal charges evidence a municipal policy, a
so-called 'scheme', "to chill and discourage Plaintiff and other
Borough citizens from opposing council's administrative missteps
and to discourage the public from exercising their constitutional
rights and/or to punish them for exercising those rights."  (Id.
¶ 59.)  As alleged in the amended complaint, Defendant "Mincey's
actions as Borough decision-maker for the police department
evidence a policy, practice, procedure and/or custom of the
Borough to deter the public from opposing actions by the Borough
council and evidences further a Borough decision to endorse or
acquiesce to such unlawful conduct."  (Id. ¶ 60.)

Plaintiff goes on to specify that Defendant Mincey possessed

13

"appropriate authority" over the Penns Grove police department
pursuant to Borough ordinance and New Jersey state law such that
she maintained "ultimate responsibility over law enforcement" in
the Borough, Id. ¶ 42, a point which the Borough concedes on the
present motion.  The amended complaint further asserts that
Defendant Mincey utilized her position and authority as the
official in charge of the police department to secure a summons
by providing false information at a probable cause hearing which
led to the criminal charges against Plaintiff and her subsequent
arrest.  (Id. ¶ 62.)  Plaintiff goes on to allege that in her
"statutorily vested capacity ... [as] the Borough's final policy
and/or decision-maker[,]" Defendant Mincey exercised her right to
circumvent the council, the mayor and the police chief in order
to bring charges against Plaintiff to deter political opposition.
(Id. ¶ 64.)

    At the motion to dismiss stage, where the Court asks not
whether Plaintiff will ultimately prevail on these claims, but
whether she is entitled to offer evidence in support of these
claims, the Court must accept these well-pleaded allegations as
true and view them in the light most favorable to the plaintiff.
Evancho, 423 F.3d at 350.  Accepting these allegations as true
and viewing them in the light most favorable to Plaintiff here,
the Court finds that Plaintiff has alleged enough facts to
demonstrate a reasonable expectation that discovery will reveal

14

evidence of the necessary elements for Plaintiff's <u>Monell</u> claim against the Borough.[7]  Moreover, the Borough has failed to carry its burden of demonstrating that no claim has been presented. Thus, the Court denies the Borough's motion with respect to Plaintiff's <u>Monell</u> claim for municipal liability as alleged in Count I.

**B.   Action Under Color of State Law**

As set forth <u>supra</u>, the Borough also argues that Count I must be dismissed as to both the Borough and Defendant Mincey because Plaintiff failed to allege adequate facts to demonstrate that Defendant Mincey acted under color of state law as required for a Section 1983 claim. (Borough's Br. 17.)

Under Section 1983: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or

---

[7] We pause to note the narrowness of this ruling.  Not every borough official who institutes criminal proceedings against a citizen acts as a policymaker.  Not every action taken by a borough official after a borough council meeting serves to function as an act of policymaking.  And a borough official has the same right to be free from harassment as any other citizen. What is different about this case is the allegation that the borough council president, having express authority over the police department, instituted criminal proceedings against a citizen in retaliation for expressing disagreement with a proposed municipal action involving, of all things, the management of the police department, and with the intent to chill future dissent.  We cannot say - at the pleading stage - that it is implausible that discovery could establish <u>Monell</u> liability under such circumstances.  We hasten to add that a decision that a claim survives the <u>Twombly</u>/<u>Iqbal</u> pleading standard is by no means a determination or even a prediction on the ultimate merits of a claim after discovery.  The denial of the Borough's motion of summary judgment is without prejudice.

Territory or the District of Columbia, subjects, or causes to be
subjected, any citizen of the United States or other person
within the jurisdiction thereof to the deprivation of any rights,
privileges, or immunities secured by the Constitution and laws,
shall be liable to the party injured in an action at law, suit in
equity, or other proper proceeding for redress."  42 U.S.C. §
1983.  A person acts "under color of state law" when he or she
"exercise[s] power 'possessed by virtue of state law and made
possible only because the wrongdoer is clothed with the authority
of state law.'"  Bonenberger v. Plymouth Twp., 132 F.3d 20, 24
(3d Cir. 1997) (citing West v. Atkins, 487 U.S. 42, 49 (1988)).
"Accordingly, acts of a state or local employee in his or her
official capacity will generally be found to have occurred under
color of state law."  Carson v. Vernon Twp., No. 09-6126, 2010 WL
2985849, at *17 (D.N.J. July 21, 2010).

    As the Borough views it, Defendant Mincey's "mere use of the
judicial system for the filing of charges cannot be sufficient to
meet the 'color of law' requirement for 1983 liability" and thus
Plaintiff's claim fails because that "is all that is alleged
here."  (Id. at 18.)  The Borough admits, however, that this
"would be an entirely different case if it were alleged that
there was some secret meeting between Defendant Mincey and some
police official by which the ordinary procedure(s) for a citizen
to file a disorderly persons complaint were bypassed" or if

16

Plaintiff alleged that the police had reason to process Defendant Mincey's complaint differently from that of an ordinary citizen. (Id.)

The Borough also focuses heavily on the fact that Defendant Mincey did not have any authority over the handling of municipal court complaints, which is governed by court rule in New Jersey, in order to demonstrate that Mincey was acting as a private citizen. (Id. at 19-20.) Moreover, the Borough argues that Mincey was not afforded any special treatment and her complaint was handled as set forth by court rules. Thus, the Borough contends that her conduct cannot serve as the basis for Section 1983 liability because she did not act under color of state law. (Id. at 20-21.) The Borough's arguments regarding the handling of the criminal complaint against Plaintiff once in the hands of the municipal court are largely irrelevant here because the relevant action was the process for initiating the criminal charges and providing allegedly false testimony at the probable cause hearing.

Plaintiff argues that action under color of law is synonymous with state action such that conduct by an officer with a sufficiently close nexus to the state is treated as state action. (Pl.'s Resp. 10.) Plaintiff contends that as Borough council president, Defendant Mincey acted under color of law when she initiated criminal charges against Plaintiff pursuant to the

authority she possessed under Borough Ordinance and state law to
oversee the police department.  (Id.)  Plaintiff points to
Pomykacz v. Borough of West Wildwood, 438 F. Supp. 2d 504 (D.N.J.
2006), a Section 1983 civil rights action where the district
court concluded that a police officer and the borough mayor used
their authority as law enforcement officials to initiate criminal
proceedings against the plaintiff, and at the very least were
acting simultaneously as private citizens and law enforcement
officials at the time.  Id. at 509-10.  Accordingly, the court
denied summary judgment for the officer and the mayor on the
issue of whether they were state actors for purposes of Section
1983 liability.  Id. at 510.

        Here, at the motion to dismiss stage, it is clear that
Plaintiff has alleged enough facts to demonstrate a reasonable
expectation that discovery will reveal evidence that Defendant
Mincey was acting under color of law at the time she initiated
criminal proceedings against Plaintiff.  Specifically, the
amended complaint alleges that Defendant Mincey "appeared at a
probable cause hearing on November 21, 2010 in her official
capacity as Borough council president, and ..., was cloaked with
statutorily approved, autonomous 'appropriate authority' to
appear.  Plainly put, at all times relevant to Ms. Brown's
complaint, Mincey, to the exclusion of all other borough
officials, was in charge of how police activities were

implemented, the rules related to the department's personnel and how the department was run." (Am. Compl. ¶ 36.) Accepting this allegation as true and viewing it in the light most favorable to Plaintiff, the Court finds that Plaintiff has adequately alleged that Defendant Mincey, as Borough council president, acted in her official capacity when she initiated criminal charges against Plaintiff and allegedly testified falsely at the probable cause hearing. This conduct is sufficient, if true, to find that Defendant Mincey acted under color of law pursuant to Borough Ordinance and New Jersey statute which granted her law enforcement authority. Analogously to the police officer and the mayor in Pomykacz, Plaintiff's amended complaint alleges, at the very least, that in this case Defendant Mincey acted simultaneously as both a private citizen as a Borough official exercising law enforcement authority when she initiated the criminal proceedings and allegedly testified falsely at the probable cause hearing. Given these allegations, the Borough has failed to meet its burden on the motion to dismiss Count I based on the absence of action taken under color of law, and the motion is thus denied.[8]

---

[8] Again, we note this ruling is limited to the narrow question of whether Plaintiff has alleged sufficient facts to survive the pleading stage. Whether the Defendant was in fact acting under color of law or merely as an aggrieved private citizen will be determined at the appropriate stage of these proceedings.

V.    <u>**CONCLUSION**</u>

For the foregoing reasons, Defendant Borough of Penns Grove's motion [Doc. No. 15] to dismiss Plaintiff's amended complaint [Doc. No. 11] pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative for summary judgment pursuant to Federal Rule of Civil Procedure 56 is denied.  An Order consistent with this Opinion will be entered.


Dated: <u>December 28, 2012</u>            <u>/s/ Noel L. Hillman</u>
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.