```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JESSIE BROWN, | Civil No. 11-7139 (NLH/KMW) |
| Plaintiff, | |
| | **OPINION** |
| v. | |
| CAROL MINCEY, et al., | |
| Defendants. | |

**APPEARANCES:**

Olugbenga O. Abiona, Esquire
1433 South 4th Street
Philadelphia, Pennsylvania 19147
    *Attorney for Plaintiff Jessie Brown*

Allan E. Richardson, Esquire
Richardson & Galella
142 Emerson Street
Suite B
Woodbury, New Jersey 08096
    *Attorney for Defendant Carol Mincey*

Todd J. Gelfand, Esquire
Barker Scott & Gelfand
The Paintworks Corporate Center
7 Foster Avenue
Suite 201
Gibbsboro, New Jersey 08026
    *Attorney for Defendant Borough of Penns Grove*

**HILLMAN, District Judge**

   This matter comes before the Court by way of Defendant

Borough of Penns Grove's motion [Doc. No. 42] for summary

judgment pursuant to Federal Rule of Civil Procedure 56. The Court has considered the parties' submissions and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, Defendant's motion for summary judgment will be denied.

I.   **JURISDICTION**

In this case, Plaintiff alleges violations of her federal constitutional rights and brings her claims pursuant to 42 U.S.C. § 1983. Plaintiff also asserts several state law causes of action. The Court exercises jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

II.  **BACKGROUND**

As set forth in the Court's December 31, 2012 Opinion, Plaintiff brings claims against Defendant Borough of Penns Grove (hereinafter, "the Borough"), and former Borough council president, Defendant Carol Mincey, an elected official of the Borough's municipal government, for alleged violations of her civil rights. (Am. Compl. [Doc. No. 11] ¶¶ 4-6.) The amended

2

complaint alleges, in essence, that Plaintiff Jessie Brown is a "citizen-activist" and vice president of the Salem County Coalition who resides in Penns Grove, New Jersey. (Id. ¶¶ 3,7.) Plaintiff asserts that in her individual capacity as a resident of the community and as a member of this legal political action group, she is "concerned with the operations of the government of Penns Grove[.]" (Id. ¶ 7.) At some time in 2010, as a result of her "citizen-activist efforts", Plaintiff allegedly learned of a proposal by then Borough Councilman Joseph Venello, Jr. that the Borough "hire a Public Safety Officer, a white male, to oversee the police department, including the Chief of Police, Gary Doubledee, a black male and veteran officer who had served 25-plus years on the force." (Id. ¶ 10.)

According to Plaintiff, Defendant Mincey supported Venello's proposal, but Plaintiff opposed it believing the plan was too costly for the Borough given that the Borough already employed a Chief of Police. (Id. ¶ 11.) Plaintiff further contends that she and several other Borough constituents considered the plan to hire a public safety officer as "an underhanded effort by Mincey and Venello to circumvent the Chief of Police[.]" (Id. ¶ 12.) On November 3, 2010, Plaintiff, purportedly exercising her rights as a citizen, attended a

3

Borough council meeting where the proposed hiring of a public safety officer was up for public discussion. (Id. ¶ 15.) At that meeting, Plaintiff voiced her opinion on the proposal in accordance with the proper timing and procedures for speaking publically at Borough council meetings, and questioned the rationale for hiring a safety officer. (Id. ¶¶ 16-18.)

Approximately two months later, on January 3, 2011, a Complaint-Summons was issued charging Plaintiff with harassment under the New Jersey Criminal Code, N.J. Stat. Ann. 2C:33-4,[1] and Plaintiff was ordered to appear in municipal court on February 22, 2011. (Id. ¶¶ 22-23.) According to Plaintiff, the Complaint-Summons charging her with harassment was issued on December 21, 2010 as a result of false accusations by Defendant Mincey that Plaintiff "had threatened and/or insulted her and/or

---

[1] New Jersey Statute 2C:33-4 provides in pertinent part:

   Except as provided in subsection e., a person
   commits a petty disorderly persons offense if, with
   purpose to harass another, he:

      a.   Makes, or causes to be made, a
          communication or communications
          anonymously or at extremely inconvenient
          hours, or in offensively coarse language,
          or any other manner likely to cause
          annoyance or alarm[.]

made terroristic threats" against Defendant Mincey during the November 3, 2010 Borough council meeting. (Id. ¶ 21.) The record at this stage of the proceeding reflects that the basic nature of the alleged threat was to the effect of "You better not come outside." The deposition testimony of other witnesses present at the November 3, 2010 meeting, however, offers conflicting accounts. There is testimony indicating that Plaintiff was seen and heard making this statement. However, there is also testimony that Plaintiff did not make this statement and that the statement was made by an unknown third party in the hallway outside the meeting around the same time Plaintiff was returning to her seat after speaking. Plaintiff herself denies ever making this alleged statement. Therefore, Plaintiff alleges that Defendant Mincey "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create[d] a falsehood in applying for a warrant for" Plaintiff's arrest.

Plaintiff represents that she was later found not guilty of the harassment charge after a criminal trial in municipal court which occurred on April 26, 2011. (Id. ¶ 24.) Rather than conducting a thorough investigation of the events which occurred at the November 3, 2010 Borough council meeting, Plaintiff

5

alleges that Defendant Mincey unjustly initiated criminal charges against Plaintiff in an attempt to stifle Plaintiff's political activities and opposition to Defendant Mincey actions on the council. (Id. ¶¶ 26-28.) Plaintiff asserts that Defendant Mincey and the Borough retaliated against Plaintiff for the exercise of her constitutionally protected rights under the First Amendment to publically speak out against the proposed plan to hire a public safety officer. (Id. ¶¶ 48, 54-55.)

Count I of Plaintiff's five count amended complaint asserts a claim pursuant to 42 U.S.C. § 1983 and alleges that the Borough and Defendant Mincey violated her civil rights under the First, Fourth, and Fourteenth Amendments by retaliating against Plaintiff for speaking freely about civic matters of public concern, by falsely accusing Plaintiff of harassment, and by falsely arresting and unlawfully detaining Plaintiff. Count II alleges that Defendant Mincey conspired to deprive Plaintiff of her civil rights in violation of 42 U.S.C. § 1983. Count III asserts a common law conspiracy claim against Defendant Mincey under New Jersey law. In Count IV, Plaintiff brings a claim against Defendant Mincey for malicious prosecution under New Jersey law. Finally, Count V asserts a claim for defamation against Defendant Mincey under New Jersey law.

## III. DISCUSSION

### A. Summary Judgment Standard

In the present motion, the Borough seeks summary judgment in its favor on Counts I and II of Plaintiff's amended complaint. (See Mot. for Summ. J. [Doc. No. 42-1] 1, 15) (observing that "Counts I and II are alleged against the Borough of Penns Grove" and that the "claims which are directed against the Borough ... are set forth in Counts I and II of the Complaint.") In the original complaint, Count II asserted a claim for "[c]onspiracy in [v]iolation of 42 U.S.C. Section 1983"[2] against Defendant Mincey and former Defendant Joseph Venello.[3] The Court notes, however, that Count II of the amended

---

[2]   Count II of the original complaint, in its entirety, provides:
>   38. Allegations in paragraphs 1 through 37 above are incorporated as if fully set forth here.
>   39. Defendants Mincey and Venello conspired to deprive Brown of her civil rights in violation of 42 U.S.C. § 1983. They conspired to deprive her of a right to equal protection of the laws because she was not politically aligned with their party, interests, and activities as public servants.
>   40. In furtherance of their malicious deeds and conspiratorial actions Mincey and Venello plotted to falsely accuse Brown of harassment in violation of a state statute.
>   (Compl. ¶¶ 38-40.)

[3]   As the Court explained in its December 31, 2012 Opinion,

complaint, which supersedes the original complaint, is not asserted against the Borough.[4]  (See generally Am. Compl. ¶¶ 65-67.)  The Court specifically made note that Count II of the amended complaint was brought against Defendant Mincey, as opposed to the Borough, in the December 31, 2013 Opinion.  (Op. [Doc. No. 22] 6, Dec. 31, 2012) (recognizing that "Count II alleges that Defendant Mincey conspired to deprive Plaintiff of her civil rights in violation 42 U.S.C. § 1983.").  In absence of specific allegations in the amended complaint making clear that the Borough conspired with Defendant Mincey, the entry of

---

Plaintiff's original complaint filed on December 8, 2011 named Councilman Joseph Venello, Jr. as a Defendant in this action. (See Compl. [Doc. No. 1] ¶ 4.)  On March 26, 2012, the parties stipulated to the dismissal of Councilman Venello and to the filing of Plaintiff's amended complaint.  (See Stipulation and Order [Doc. No. 14] 1.)  Accordingly, Councilman Venello was terminated as a Defendant in this action, and Plaintiff no longer asserts claims against him.

[4]   Count II of the amended complaint, in its entirety, provides:
    65.  Allegations in paragraphs 1 through 64 above are incorporated as if fully set forth herein.
    66.  Mincey conspired to deprive Brown of her civil rights in violation of 42 U.S.C. § 1983. The objective of the conspiracy was to deprive Plaintiff of a right to equal protection of the laws because she was not politically aligned with their party, interests, and activities as public servants.
    67.  To accomplish her malicious deeds Mincey plotted to falsely accuse Brown of harassment in violation of a state statute.
(Am. Compl. ¶¶ 65-67.)

8

summary judgment for the Borough on this Count would be inappropriate. Accordingly, the Court will deny the motion as moot to the extent it seeks summary judgment for the Borough on Count II.

With respect the Borough's request for summary judgment on Count I, the Court notes that summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56). An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358

9

F.3d 241, 247 (3d Cir. 2004) (citing Anderson, 477 U.S. at 255).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." (citation omitted); see also Singletary v. Pa. Dept. of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001) ("Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by "showing" -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof.") (citing Celotex, 477 U.S. at 325).

Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. A "party opposing summary judgment may not rest

10

upon the mere allegations or denials of the ... pleading[s.]" Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001) (internal quotations omitted).  For "the non-moving party[] to prevail, [that party] must 'make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  Cooper v. Sniezek, 418 F. App'x 56, 58 (3d Cir. 2011) (citing Celotex, 477 U.S. at 322).  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57.

> **B.   42 U.S.C. § 1983**

Plaintiff brings her federal claims pursuant to 42 U.S.C. § 1983.  Section 1983 provides in pertinent part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the§ party injured in an action at

11

law, suit in equity, or other proper proceeding for redress[.]" 42 U.S.C. § 1983.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a person acting under color of state law engaged in conduct that violated a right protected by the Constitution or laws of the United States." Morrow v. Balaski, 719 F.3d 160, 165-66 (3d Cir. 2013) (citing Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000)). The Court's "'first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to [then] determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" Morrow, 719 F.3d at 166 (quoting Nicini, 212 F.3d at 806.)

C.  **Monell Claim against the Borough of Penns Grove**

As alleged against the Borough, Count I of Plaintiff's amended complaint purports to assert a claim for supervisory liability under Section 1983. Generally, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Marvel v. Cnty. of Delaware, 397 F. App'x 785, 790 (3d Cir. 2010) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–91 (1978)); see also McGreevy v. Stroup, 413 F.3d 359, 367 (3d Cir. 2005) (explaining that in Monell "the Supreme Court

12

established that a municipality cannot be held liable under § 1983 for the constitutional torts of its employees by virtue of respondeat superior.").

Accordingly, "there are two ways that a plaintiff can establish municipal liability under § 1983: [either] policy or custom." Watson v. Abington Twp., 478 F.3d 144, 155 (3d Cir. 2007). "Under Monell, a plaintiff shows that a policy existed when a decision maker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." Watson, 478 F.3d at 155 (citation and internal quotations omitted). Alternatively, "[a] plaintiff may establish a custom ... by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law. In other words, custom may be established by proving knowledge of, and acquiescence to, a practice." Id. at 155–56 (citation and internal quotations omitted). "In addition to proving that an unlawful policy or custom existed, a plaintiff also bears the burden of proving that such a policy or custom was the proximate cause of the injuries suffered." Id. at 156.

Citing to the Supreme Court's decision in Pembaur v. City

13

of Cincinnati, 475 U.S. 469, 480-81 (1986), the Third Circuit has also clearly recognized that "an official with policymaking authority can create official policy, even by rendering a **single decision**." McGreevy, 413 F.3d at 367-68 (emphasis added) (citing Pembaur, 475 U.S. at 480) ("[I]t is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances.")  Therefore, in this case, under Monell and Pembaur, "even one decision by a [Borough council president], if [he or she] were a final policymaker, would render his or her decision [Borough] policy." McGreevy, 413 F.3d at 368.  Accordingly, in order for the Court to grant summary judgment to the Borough on Plaintiff's Monell claim and find that the Borough cannot be held liable for Defendant Mincey's actions as Borough council president (i.e., Mincey's initiation of criminal charges against Plaintiff in retaliation for speaking at a Borough council meeting), the record must establish that there is no genuine issue of material fact as to whether Defendant Mincey, as Borough council president, constitutes a final policymaker.  See id.

## IV. ANALYSIS

In seeking summary judgment on Count I of Plaintiff's

14

amended complaint, the Borough focuses primarily on the undisputed fact that Defendant Mincey was designated under N.J. Stat. Ann. § 40A:14-118 as the "appropriate authority" over the Penns Grove Police Department.  The Borough further highlights multiple facts in the record in an attempt to demonstrate that Defendant Mincey did not utilize the Police Department or any apparent authority she had over the Department, but rather the municipal court – over which she had no authority – to pursue the harassment complaint against Plaintiff.  The Borough essentially argues, therefore, that Defendant Mincey did not act as a final policymaker for the Borough because she did not have, nor did she use, the authority necessary to support liability under Monell.

     Furthermore, the Borough broadly contends that "there is nothing [in the record] to suggest that Penns Grove intentionally or as a matter of law delegated authority to Carol Mincey to determine whether or not citizens should be subject to criminal charges in order to dissuade them from exercising [their] First Amendment Rights."  (Borough's Br. [Doc. No. 42-1] 26.)  However, the Borough's contention disregards undisputed testimony offered by Defendant Mincey herself, with respect to her role as Borough council president and a member of the

15

council.  Defendant Mincey presents several key facts in her Counter-Statement of Material Facts [Doc. No.  which will be deemed undisputed for purposes of this motion pursuant to Local Civil Rule 56.1(a) given the Borough's failure to respond in any way to Mincey's Counter-Statement.  See Friedman v. Bank of America, N.A., No. 09-2214, 2012 WL 1019220, at *2 n.6 (D.N.J. Mar. 26, 2012) (explaining that "the court will consider any statement of fact which was not denied by ... [movant] with a citation to the record as undisputed for the purposes of this motion for summary judgment.") (citing Stouch v. Twp. of Irvington, No. 03-6048, 2008 U.S. Dist. LEXIS 54055, at *5 n. 1, 2008 WL 2783338 (D.N.J. July 16, 2008).

Specifically, as set forth in her deposition and her County-Statement, Defendant Mincey served on the Penns Grove Borough Council from January 2006 through December of 2011, and served as President of the Borough Council from approximately 2008 through the end of 2011 – a time frame that encompasses the events relevant to Plaintiff's claims.  In her capacity as Borough Council President, Defendant Mincey testified that she oversaw all of the departments within the Borough, and that she served as a municipal policymaker for the Borough.  With respect to the alleged threat made by Plaintiff at the November 3, 2010

16

meeting, Mincey further testified that she filed the criminal harassment complaint against Plaintiff because she had previously been threatened at Borough Council meetings, she thought these threats were likely to continue, and she wanted to prevent that. Moreover, Mincey further explained that she filed the complaint in her capacity as a council person to prevent future threats against herself and other council members. Significantly, before filing the criminal complaint at issue, Mincey went to other Borough Council members and informed them of her intention to file the complaint to prevent future threats from being made. According to her testimony, Mincey explained that no other members of the Borough Council objected to her proposed course of action and that several in fact voiced support for her actions.

These facts, which are undisputed by the Borough for purposes of this motion, are sufficient to raise a genuine issue of material fact as to whether Defendant Mincey was acting in her capacity as a private citizen or under authority she possessed as a final policymaker for the Borough when she acted with the tacit approval of other Borough Council members. Accordingly, the Borough has failed to meet its burden on the pending motion for summary judgment to show that there is no

17

disputed issue of material fact and that the Borough is entitled to judgment as a matter of law.[5]

**V.    CONCLUSION**

For the foregoing reasons, Defendant Borough of Penns Grove's motion [Doc. No. 42] for summary judgment pursuant to Federal Rule of Civil Procedure 56 is denied.  An Order consistent with this Opinion will be entered.


Dated: September 22, 2014              s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.

---

[5]     To the extent the Borough attempts to argue that Defendant Mincey was not acting under color of state law that argument must fail given the Court's finding that there is a genuine issue of material fact with respect to the capacity within which Mincey was acting at the time and whether she acted with approval of other Borough Council members.  See Carson v. Vernon Twp., No. 09-6126, 2010 WL 2985849, at *17 (D.N.J. July 21, 2010) ("Accordingly, acts of a state or local employee in his or her official capacity will generally be found to have occurred under color of state law.")

18